IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WITRICITY CORPORATION, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, and AUCKLAND UNISERVICES, LTD.,** | : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. 20-1671 |
| **Plaintiffs,** | | |
| v. | | |
| **MOMENTUM DYNAMICS CORPORATION,** | | |
| **Defendant.** | | |

## ORDER

AND NOW, this 8th day of June, 2022, upon consideration of Plaintiffs' letter brief regarding a discovery dispute concerning Defendant's core technical document production (D.I. 76) and Defendant's responsive letter brief (D.I. 78), I find as follows:

1. On April 6, 2022, Defendant was ordered to produce its core technical documents for the purpose of allowing Plaintiffs to decide whether or not to pursue infringement litigation with respect to its '734 patent.

2. On May 25, 2022, Plaintiffs filed a letter brief asserting that Defendant's production of its core technical documents was deficient because it lacked sufficient information about Defendant's products to allow Plaintiffs to calculate Q-factors for the underlying resonators, a required claim element in the patents-in-suit.

3. Defendant responded that its accused products do not use Q as a design parameter, and, therefore, it does not calculate Q for the accused products in the ordinary course of business. Defendant further affirmatively "represent[ed] to the Court that it has satisfied its core document

production by producing documents created in the ordinary course of business that are more than sufficient to show how the accused products work" and that it "has no documents that calculate Q factor for its products." (D.I. 78, at p. 2.)

4. Such a representation is a sufficient basis on which to deny Plaintiffs' request for an order compelling further production of documents, particularly in light of the duty of candor imposed on lawyers to avoid making false statements to the Court. See Model Rules of Prof'l Conduct 3.3 (Am. Bar Ass'n 2020). None of the publications or evidence cited by Plaintiffs convince me that Defendant is, in fact, in possession of the specific documents requested.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's request for an order compelling certain documents is **DENIED**. Plaintiffs' deadline to submit the status letter required by paragraph 3 of the April 6, 2022 Order is **EXTENDED** until **June 27, 2022**.

**BY THE COURT:**

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**